UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO CASTIBLANCO,<br><br>    Plaintiff,<br><br>vs.<br><br>EBER BROS.-NDC, LLC; LESTER EBER;<br>JOHN DOES 1-5, JOHN DOE, LLC's 1-05;<br>JOHN DOES, INC. 1-5,<br><br>    Defendants. | Case No. 08-CV-06029 (LAP)<br><br>ECF CASE<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff Ricardo Castiblanco ("Plaintiff"), through his attorneys, Wolff & Samson PC, by way of this Complaint against Defendants Eber Bros.-NDC, LLC ("Eber"), Lester Eber, and John Does 1-5, John Doe, LLC 1-05; John Does, Inc. 1-5 (collectively referred to herein as "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff seeks damages for breach of contract, fraud and other wrongdoings by Defendants.

2.  Defendants terminated Plaintiff's employment without cause and contrary to their agreement and have refused, despite repeated demands, to pay the remaining compensation and other benefits promised to Plaintiff.

3.  Furthermore, defendant Lester Eber conspired with Eber to breach the agreement and, through his wrongful conduct, tortiously interfered therewith.

4.  Defendants have been unjustly enriched by their wrongdoing.

1116249.3

## THE PARTIES

5. Plaintiff is an individual who, at all relevant times, resided at 94 Paulin Boulevard, Leonia, New Jersey 07605. Until June 1, 2007, Plaintiff was employed by Eber as a salesman of liquors, wines and other spirits to retailers, exclusively providing services in New York City.

6. All relevant times, upon information and believe, Eber has been a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 305 S. Regent Street, Port Chester, New York 10573. Eber regularly conducted business within the County and State of New York. In fact, Castiblanco's employment with Eber was performed entirely within the City of New York.

7. Lester Eber, is an individual who, at all relevant time, has resided at 15 Coral Way, Rochester, New York, and, upon information and belief, owns the controlling interest of, and otherwise controls, Eber.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 as diversity of citizenship exists between Plaintiff and all of the Defendants and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

9. Venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(c).

## FACTS COMMON TO ALL CAUSES OF ACTION

A. **Plaintiff's employment with Eber and his Agreement.**

10. Castiblanco is in the business of selling liquors, wines and other spirits to retailers.

11. Eber is in the business of distributing liquors, wines and other spirits to retailers.

1116249.2

12. On or about April 18, 2005, Castiblanco and Eber entered into an agreement in connection with Castiblanco's employment with Eber (the "Agreement"). Thereafter, the parties' relationship, until Eber's breach, conformed with the terms of the Agreement.

13. Pursuant the Agreement, Castiblanco was engaged to perform sales and distribution services of liquors, wines and spirits, for a defined period commencing on April 18, 2005 and ending three (3) years thereafter, i.e., April 17, 2008 (the "Term").

14. Pursuant to the Agreement, Castiblanco was to be paid compensation of $200,000 per year (the "Guaranteed Sum") for three (3) years.

15. Pursuant to the Agreement, should Eber terminate Castiblanco earlier, Eber shall still be obligated to make payment to Castiblanco of the Guaranteed Sum.

16. Castiblanco performed services under the Agreement and was paid according to the terms of the Agreement from April 18, 2005 until June 1, 2007, at which time, as set forth below, Eber breached the Agreement by ceasing payment of the Guaranteed Sum.

**B.   Eber announces the sale of the company and informs its employees, including Plaintiff, that as of March 31, 2007, their employment would be terminated.**

17. At all relevant times Plaintiff complied with all of the terms and conditions of the Agreement and was never in breach thereof.

18. On or about March 5, 2007, at a meeting of Eber employees (the "Meeting"), Lester Eber, informed Castiblanco and other of Eber's employees, that Eber was being sold to Southern Wine and Spirits ("Southern") and that said sale would be completed sometime in 2007.

19. At the Meeting, Lester Eber further informed Plaintiff and other Eber employees that as a result of the sale, their employment would be terminated.

20. Plaintiff was not "terminated for cause."

21. Furthermore, Eber and his representatives stated that those employees with purported restrictive covenants would be released from them and should immediately go look for new jobs.

C. **The Defendants breached the obligation to pay Plaintiff the Guaranteed Sum.**

22. Notwithstanding the notice of the termination of his employment and based upon the representations of Eber and Lester Eber, Plaintiff helped wind down the affairs of Eber during the months of April and May. During that time, defendant Lester Eber, and his agents, reaffirmed Eber's obligation to pay -- on or before June 1, 2007 -- Plaintiff the Guaranteed Sum pursuant to the terms of the Agreement.

23. Plaintiff, in an effort to cooperate and in reliance on defendant Lester Eber's promises, albeit false ones, continued to work for Eber.

24. Plaintiff worked for Eber until June 1, 2007, at which time Lester Eber and his agents again assured Plaintiff that: (1) Plaintiff would immediately be paid his Guaranteed Sum in full pursuant to the Agreement; and (2) Plaintiff was released from any restrictive covenant, to the extent one was ever enforceable.

25. As of June 1, 2007, in breach of the Agreement, Eber ceased making payments to Plaintiff, including but not limited to the Guaranteed Sum.

26. Upon information and belief, Eber has not been sold to Southern.

27. Plaintiff has made repeated demands to Eber and Lester Eber to pay his Guaranteed Sum. Despite the promises by Lester Eber and other Eber representatives to make the payment, at the termination of Plaintiff's employment, the payment has not been made.

28. Moreover, Plaintiff also discussed with Eber's legal counsel the status of his Guaranteed Sum and Plaintiff, like all of the other Eber employees, was assured he would be

1116249.2

paid. Eber's legal counsel also confirmed that Plaintiff was released from any restrictive covenant and that he should look for work.

29. On or about January 10, 2008, Eber's counsel was notified in writing by Plaintiff that he intended to hold Defendants liable for breach of the Agreement and requested counsel to attend to the payment of the Guaranteed Sum to Plaintiff. No response was forthcoming from either Defendants or their counsel.

**D. Defendants have failed to make contributions to Plaintiff's 401K in contravention of Eber's Retirement Plan.**

30. During all relevant time, Eber maintained a 401k retirement plan program ("Plan") for its employees.

31. Pursuant to the Plan, Eber made regular matching contributions into Plaintiff's account.

32. As of January 1, 2006, and contrary to the Plan, Eber ceased making contributions to Plaintiff's account.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

33. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth at length herein.

34. Pursuant to the Agreement, Eber was obligated to pay, and Plaintiff was entitled to receive, specified compensation, including, but not limited to, the Guaranteed Sum identified in the Agreement.

35. Plaintiff has complied with all of the terms and conditions of the Agreement and has not breached the Agreement.

36. Aided and abetted by defendant Lester Eber, defendant Eber breached the Agreement by terminating Plaintiff's services without cause prior to the end of the Term, and

1116249.2

by failing to make the payments due to Plaintiff, such payments including, but not limited to, the Guaranteed Sum due and owing to Plaintiff.

37. By reason of the foregoing, Plaintiff has sustained damages in excess of One Hundred Seventy-Five Thousand Dollars ($175,000).

### AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

38. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth at length herein.

39. There exists in every contract an implied covenant of good faith and fair dealing.

40. Aided and abetted by Lester Eber and the other Defendants, Eber breached its implied covenant of good faith and fair dealing that it owed to Plaintiff pursuant to the Agreement.

41. As a result of the breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unjust Enrichment)

42. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs as if fully set forth at length herein.

43. As a direct result of their wrongful conduct, Defendants have reaped the benefit of and profited from Plaintiff's work for Eber.

44. Defendants have been unjustly enriched, all to the detriment of the Plaintiff and Plaintiff has suffered damages thereby.

## AS TO THE FOURTH CAUSE OF ACTION
### (Fraudulent Inducement)

45. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

46. Defendants Eber and Lester Eber misrepresented that Plaintiff would be paid the Guaranteed Sum if he performed sales services for Eber.

47. In reliance upon the false representations made by Defendants, Plaintiff diligently performed the work and services requested by Defendants.

48. Defendants never intended to honor their commitments to Plaintiff.

49. Defendants by their misrepresentations induced Plaintiff to work in return for the promises of the Guaranteed sum and thereby damaged Plaintiff.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Equitable Estoppel)

50. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth at length herein.

51. Defendants Lester Eber and Eber made promises and engaged in conduct that ratified the promise to pay the Guaranteed Sum to Plaintiff. The foregoing was done with the expectation that Plaintiff would rely on those promises and conduct.

52. Plaintiff reasonably relied on the conduct and promises of Defendants to his detriment. As a result of the foregoing Plaintiff has suffered damages.

1116249.2

### AS AND FOR A SIXTH CAUSE OF ACTION
(Tortious Interference with Contractual Relations)

53. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth at length herein.

54. The Agreement constituted a valid and binding contract between Plaintiff and Eber.

55. The intentional and improper conduct of defendant Lester Eber tortiously interfered with the contractual relations between Plaintiff and Eber.

56. Defendant Lester Eber acted with malice and intentionally interfered with Plaintiff's contractual relations with Eber without any justification or excuse.

57. Due to the foregoing, Plaintiff has been harmed and has suffered damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Breach of Contract)

58. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth at length herein.

59. Eber breached its 401K Retirement Plan by failing to make contributions to Plaintiff's account for over two years.

60. By reason of the foregoing breach of contract, Plaintiff has sustained damages.

### AS AND FOR A EIGHTH CAUSE OF ACTION
(Conspiracy)

61. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth at length herein.

62. Defendant Lester Eber conspired unlawfully with Eber to withhold from Plaintiff his Guaranteed Sum.

1116249.2

63. The foregoing improper and illegal scheme was orchestrated and participated in by Lester Eber and Eber for the express purpose of depriving Plaintiff of his rightful monies.

64. Such conduct constitutes an unlawful and tortious conspiracy participated in by all of the Defendants.

65. The aforesaid improper conduct by defendant Lester Eber and Eber have caused significant damages to Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Compensatory damages;

B. Punitive damages;

C. Attorneys fees and costs; and

D. Any further relief that the Court deems equitable and just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

WOLFF & SAMSON PC
Attorneys for Plaintiff
Ricardo Castiblanco
140 Broadway
New York, New York 10005
(212) 973-0572

By _____
JOHN O. LUKANSKI (JL-2846)

Dated: New York, New York
June ___, 2008

1116249.2

9