UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO CASTIBLANCO,

                       Plaintiff,

- vs -

EBER BROS.-NDC, LLC; LESTER EBER;
JOHN DOES 1-5, JOHN DOE, LLC'S 1-05;
JOHN DOES, INC. 1-5,

                       Defendants.

**ANSWER**

**Civ. No. 08-CV-6029 (LAP)**

---

      Defendants, Eber-NDC, LLC ("Eber-NDC"), incorrectly identified as Eber Bros.-NDC LLC (n/k/a "Eber-Metro, LLC") and Lester Eber, by their attorneys, Harris Beach PLLC, for their Answer to the plaintiff's Complaint, allege as follows:

      1.     Answering paragraph 1, defendants admit that plaintiff brought this action against defendants purportedly seeking various forms of relief, but deny there is any bases on which to do so and otherwise deny the allegations contained in this paragraph.

      2.     Answering paragraph 2, defendants deny the allegations contained in this paragraph.

      3.     Answering paragraph 3, defendants deny the allegations contained in this paragraph.

      4.     Answering paragraph 4 defendants deny the allegations contained in this paragraph.

      5.     Answering paragraph 5, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

6. Answering paragraph 6, defendant Eber-NDC admits that it conducted business within the County of Monroe and State of New York and that while it maintained an office located at 305 South Regent Street, Port Chester, New York 10573, its principal office is located in Monroe County and refers to Eber-NDC's Application of Authority, denies knowledge and information sufficient to form a belief as to the accuracy of the allegations that plaintiff's employment with defendants was entirely performed within the City of New York, and otherwise denies the remaining allegations contained in this paragraph.

7. Answering paragraph 7, defendant Lester Eber admits that he resides at 15 Coral Way, Rochester, New York, but denies the remaining allegations contained in this paragraph.

8. Answering paragraph 8, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

9. Answering paragraph 9, defendants deny the allegations contained in this paragraph.

10. Answering paragraph 10, defendants refer to the written agreement (the "Agreement") for its true and correct terms.

11. Answering paragraph 11, defendants admit the allegations contained in this paragraph.

12. Answering paragraph 12, defendants admit to the existence of the Agreement, refers to that document for its true and correct terms, but otherwise denies knowledge and information sufficient to form a belief as to the remaining allegations contained in this paragraph.

13. Answering paragraph 13, defendants refer to the Agreement for its true and correct terms.

14. Answering paragraph 14, defendants refer to the Agreement for its true and correct terms.

15. Answering paragraph 15, defendants refer to the Agreement for its true and correct terms.

16. Answering paragraph 16, defendants refer to the Agreement for its true and correct terms, but otherwise deny the remaining allegations contained in this paragraph.

17. Answering paragraph 17, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

18. Answering paragraph 18, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

19. Answering paragraph 19, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

20. Answering paragraph 20, defendants admit that plaintiff's employment was terminated, and otherwise deny knowledge and information sufficient to form a belief as to the accuracy of the remaining allegations contained in this paragraph.

21. Answering paragraph 21, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

22. Answering paragraph 22, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

23. Answering paragraph 23, defendants deny the allegations contained in this paragraph.

24. Answering paragraph 24, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

25. Answering paragraph 25, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

26. Answering paragraph 26, defendants admit the allegations contained in this paragraph.

27. Answering paragraph 27, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

28. Answering paragraph 28, defendants admit that plaintiff was released from any restrictive covenant, but otherwise denies the remaining allegations contained in this paragraph.

29. Answering paragraph 29, defendants admit that its counsel was notified of plaintiff's intention to hold defendants liable for an alleged breach of contract, but otherwise denies any obligation to respond to such notice, and otherwise denies the remaining allegations in this paragraph.

30. Answering paragraph 30, defendants admit the allegations contained in this paragraph.

31. Answering paragraph 31, defendants admit that it had a 401k retirement plan that plaintiff participated in during his employment, refers to those policies for their true and correct terms, and otherwise denies the remaining allegations contained in this paragraph.

32. Answering paragraph 32, defendants deny the allegations contained in this paragraph.

33. Answering paragraph 33, defendants incorporate herein by reference their answers to paragraph 1 through 32.

34. Answering paragraph 34, defendants deny the allegations contained in this paragraph.

35. Answering paragraph 35, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

36. Answering paragraph 36, defendants deny the allegations contained in this paragraph.

37. Answering paragraph 37, defendants deny the allegations contained in this paragraph.

38. Answering paragraph 38, defendants incorporate herein by reference their answers to paragraph 1 through 37.

39. Answering paragraph 39, defendants deny knowledge and information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore denies the same.

40. Answering paragraph 40, defendants deny the allegations contained in this paragraph.

41. Answering paragraph 41, defendants deny the allegations contained in this paragraph.

42. Answering paragraph 42, defendants incorporate herein by reference their answers to paragraph 1 through 41.

43. Answering paragraph 43, defendants deny the allegations contained in this paragraph.

44. Answering paragraph 44, defendants deny the allegations contained in this paragraph.

45. Answering paragraph 45, defendants incorporate herein by reference their answers to paragraph 1 through 44.

46. Answering paragraph 46, defendants deny the allegations contained in this paragraph.

47. Answering paragraph 47, defendants deny the allegations contained in this paragraph.

48. Answering paragraph 48, defendants deny the allegations contained in this paragraph.

49. Answering paragraph 49, defendants deny the allegations contained in this paragraph.

50. Answering paragraph 50, defendants incorporate herein by reference their answers to paragraph 1 through 49.

51. Answering paragraph 51, defendants deny the allegations contained in this paragraph.

52. Answering paragraph 52, defendants deny the allegations contained in this paragraph.

53. Answering paragraph 53, defendants incorporate herein by reference their answers to paragraph 1 through 52.

54. Answering paragraph 54, defendants refer to the Agreement for its true and correct terms, but denies the remaining allegations contained in this paragraph.

55. Answering paragraph 55, defendants deny the allegations contained in this paragraph.

56. Answering paragraph 56, defendants deny the allegations contained in this paragraph.

57. Answering paragraph 57, defendants deny the allegations contained in this paragraph.

58. Answering paragraph 58, defendants incorporate herein by reference their answers to paragraph 1 through 57.

59. Answering paragraph 59, defendants deny the allegations contained in this paragraph.

60. Answering paragraph 60, defendants deny the allegations contained in this paragraph.

61. Answering paragraph 61, defendants incorporate herein by reference their answers to paragraph 1 through 60.

62. Answering paragraph 62, defendants deny the allegations contained in this paragraph.

63. Answering paragraph 63, defendants deny the allegations contained in this paragraph.

64. Answering paragraph 64, defendants deny the allegations contained in this paragraph.

65. Answering paragraph 65, defendants deny the allegations contained in this paragraph.

66. Defendants deny each and every other allegation not specifically admitted, controverted or otherwise addressed above.

## FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails to state a cause of action against the answering defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

68. Upon information and belief, the venue of this matter is improper.

## THIRD AFFIRMATIVE DEFENSE

69. Upon information and belief, plaintiff has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, or laches.

## FIFTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## SIXTH AFFIRMATIVE DEFENSE

72. Plaintiff relies on an agreement that is unenforceable.

WHEREFORE, the defendant demands judgment:

(a) dismissing the Complaint in its entirety, with prejudice; and

(b) for such other and further relief as this Court may seem just and proper, including, but not limited to, the costs and disbursements of this action.

Dated: September 2, 2008

HARRIS BEACH PLLC

By: /S/ Paul J. Yesawich, III
Paul J. Yesawich, III (PY 0343)
Melanie L. Sarkis (MS 5683)
Attorneys for the Defendants
99 Garnsey Road
Pittsford, New York 14534
Tel: (585) 419-8800

HARRIS BEACH PLLC
ATTORNEYS AT LAW

TO:    WOLFF & SAMSON PC
         John O. Lukanski (JL-2846)
         Attorney for Plaintiff
         140 Broadway
         New York, New York 10005
         Tel: (212) 973-0572

## CERTIFICATE OF SERVICE

### 07 CIV 6029 (LAP)

I hereby certify that on September 2, 2008, I caused to be electronically filed the foregoing Answer with the Clerk of the District Court, Southern District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1.  WOLFF & SAMSON PC
    John O. Lukanski (JL-2846)
    Attorney for Plaintiff
    140 Broadway
    New York, New York 10005
    Tel: (212) 973-0572

And I hereby certify that I have sent by regular mail the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

1.  N/A

/S/ Paul J. Yesawich, III
Paul J. Yesawich, III (PY 0343)

Hbroc-1061289

HARRIS BEACH PLLC
ATTORNEYS AT LAW